[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13497

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARNELL WATSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:08-cr-00261-GAP-DCI-1

_____

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Darnell Watson, a federal prisoner, appeals the district court's denial of his compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act.[1] On appeal, Watson asserts (1) that the district court's order is insufficient for appellate review because it did not adequately explain the balancing of the 18 U.S.C. § 3553(a) factors, (2) that the district court abused its discretion by treating U.S.S.G. § 1B1.13 as an applicable policy statement that bound its discretion, and (3) that the district court abused its discretion in denying his motion because his medical conditions, in light of the COVID-19 pandemic, constituted an extraordinary and compelling reason to reduce his sentence and the § 3553(a) factors weighed in favor of granting a reduction.

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We review for abuse of discretion a district court's denial of an eligible defendant's request for such relief. *Id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly

---

[1] Pub. L. No. 115-391, 132 Stat. 5197, 5239 (Dec. 21, 2018) ("First Step Act").

erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015).

After determining whether to reduce a defendant's sentence, the district court must explain its decision sufficiently enough to allow for meaningful appellate review. *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017). A district court does not, however, need to "exhaustively analyze every factor in its order." *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021). An appellate court needs to understand from the record only how the district court arrived at its conclusion, including the factors it relied upon. *Id.* at 1185.

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). To reduce a sentence, the district court must (1) find that "extraordinary and compelling reasons warrant such a reduction," (2) consider the § 3553(a) factors "to the extent that they are applicable," and (3) find that "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A). To warrant a reduction, all three conditions are necessary. *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). For purposes of defendant-filed § 3582(c)(1)(A) motions, the district court's discretion to find extraordinary and compelling circumstances is limited to those listed in U.S.S.G. § 1B1.13. *Bryant*, 996 F.3d at 1262. As relevant, one circumstance constituting an extraordinary and compelling

reason is a prisoner's medical condition, if he has a terminal disease or is suffering from a physical or mental condition that substantially diminishes the ability to provide self-care in prison. U.S.S.G. § 1B1.13, comment. (n.1(A)).

The § 3553(a) sentencing factors include the seriousness of the offense and the need to deter future criminal conduct and protect the public. 18 U.S.C. § 3553(a)(2). Other considerations are the nature and circumstances of the offense and the defendant's history and characteristics. *Id.* § 3553(a)(1). It isn't necessary for the district court to state on the record that it has explicitly considered each of the factors or to discuss each of them. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). The weight given to each factor lies within the district court's sound discretion, and it may reasonably attach great weight to a single factor. *Id.* at 1327.

Here, the district court's order is sufficient for appellate review because it clearly identifies and discusses multiple bases for the denial of Watsons's motion. *See Cook*, 998 F.3d at 1184-85; *Johnson*, 877 F.3d at 997. The district court clearly explained that Watson's health conditions were not sufficiently serious to constitute an extraordinary and compelling reason for a sentence reduction, explicitly referring to Watson's medical records and § 1B1.13 in explaining why his showing was insufficient. Additionally, it explained that, even if he made the showing, the § 3553(a) factors did not warrant his release. The court clearly anchored its weighing of the sentencing factors in considering the seriousness of Watson's offense, describing how he committed the robbery, and further

noting that he had possessed a weapon in furtherance of a drug trafficking crime. The district court also relied on its finding that Watson presented a danger to the public in considering the seriousness of his offense and, thus, adequately explained three bases upon which it denied Watson's compassionate release motion. *Johnson*, 877 F.3d at 997.

Furthermore, we are bound by our holding in *Bryant*, which establishes that the district court did not abuse its discretion by treating U.S.S.G. § 1B1.13 as an applicable policy statement that limited its discretion. *See Bryant*, 966 F.3d at 1262. This forecloses Watson's argument that § 1B1.13 is not an applicable policy statement and that the district court erred by treating it as a limit on its discretion.

Finally, the district court didn't abuse its discretion in denying Watson's compassionate release motion. First, the district court didn't err in concluding that Watson's circumstances were not extraordinary and compelling under § 1B1.13. The medical records Watson submitted support the district court's finding that his medical conditions were not sufficiently severe to substantially diminish his ability to care for himself, as they showed that he was receiving treatment in prison.

Second, even if extraordinary and compelling reasons exist, the district court didn't abuse its discretion in finding the § 3553(a) sentencing factors weighed against Watson's early release or that he was a danger to the community, which are independently sufficient to deny his motion. *See Tinker*, 14 F.4th at 1237. The court

didn't clearly err in finding that Watson's crime was serious because the record amply supports that he possessed a firearm in furtherance of a drug trafficking crime, and he robbed a business by brandishing a gun and ordering people to the ground. *See Khan*, 794 F.3d at 1293. Moreover, the court expressly considered the § 3553(a) factors and reasonably found that they weighed against release. *See Cook*, 998 F.3d at 1184-85. The court's order reflects consideration of the sentencing goals of ensuring the sentence reflects the seriousness of the offense, and the court further explained how the nature and circumstances of Watson's offense demonstrated that he posed a danger to the community. It was ultimately within the district court's discretion to place more weight on the seriousness of his offense. *See Kuhlman*, 711 F.3d at 1327.

For the foregoing reasons, we affirm the district court's judgment.

**AFFIRMED.**